UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FRANK E. CAIN, JR., individually, and JOHN DOE, representative of a class of persons unknown having a common interest in said matter,<br><br>    Plaintiffs,<br><br>-vs-<br><br>OFFICE DEPOT, INC., BROTHER INDUSTRIES, LTD., and CITICORP CREDIT SERVICES, INC.<br><br>    Defendants. | Civil Action No.: 4:09-2952-TLW-TER<br><br>**REPORT AND RECOMMENDATION** |

**I. INTRODUCTION**

Plaintiff, who is proceeding pro se, brings this action arising out of his purchase of a Brother MFC744ON machine and Toner Cartridge from Office Depot. Plaintiff includes eight causes of action in his Complaint in which he purports to allege damages based on warranty, a sales contract, blackmail and conspiracies by the defendants. Plaintiff also raises allegations with respect to U.S. Postal and Federal Wire regulations, as well as, lead deposits he contends are emitted from the machine which are dangerous to human and animal life. Presently before the Court is Defendant Brother Industries, Ltd.'s Motion to Dismiss (Document # 31). Because he is proceeding pro se, Plaintiff was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Motion could result in the motion being granted. Plaintiff has not filed a Response. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the Motion for Summary Judgment is potentially

dispositive of Plaintiffs' claims, this Report and Recommendation is entered for review by the district judge.

## II.  PROCEDURAL HISTORY

Plaintiff originally filed this action on September 28, 2009, in the Court of Common Pleas, Marlboro County, State of South Carolina. Defendant Office Depot, Inc. subsequently removed the action to this Court pursuant to 28 U.S.C. § 1332. On February 22, 2010, Plaintiff dismissed with prejudice the claims against Defendants Office Depot, Inc. and Citicorp Credit Services. See Stipulations of Dismissal with Prejudice (Documents # 12, 13). On May 26, 2010, the undersigned entered an Order (Document # 27) directing Plaintiff to file proof of service of the Summons and Complaint on Defendant Brother Industries, Ltd. within ten days of the date of the Order. On June 3, 2010, Plaintiff filed a Reply (Document # 29) to the Court's Order, attaching a Certified Mail Return Receipt. The Return Receipt indicates that certified mail[1] was addressed to Brother International Corp., P.O. Box 6911, Bridgewater, N.J. 08807-0911 and was received by John McNally on May 27, 2010. On June 17, 2010, Defendant Brother Industries, Ltd. filed the present Motion to Dismiss pursuant to Rules 12(b)(5) and (6), Fed.R.Civ.P.

## III.  DISCUSSION

Defendant first moves to dismiss this action pursuant to Rule 12(b)(5) for insufficient service of process. When a defendant challenges the manner or sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C.2003) (citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519,

---

[1] Presumably, this certified mail was the Summons and Complaint.

-2-

526 (M.D.N.C.1996)).  Rule 4(m), Fed.R.Civ.P., provides that a Summons and Complaint must be served within 120 days of the filing of the Complaint.  If such service does not occur, the Court can either dismiss the case or, if plaintiff shows good cause for the failure to serve, direct service be effected. Rule 4(m) states that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4(m), FRCP.

Plaintiff's Reply to the Court's Order requiring that he show proof of service on Defendant Brother shows that the Complaint was received on May 27, 2010, more than 120 days after the September 28, 2009, filing of the Complaint.  In his Reply, Plaintiff states, "I wish to apologize for failure to timely comply with the Rules of Civil Procedure; however, all such delays have resulted from some health impairment(s) which limit my work production."  Even if the Court were to find good cause for Plaintiff's failure to serve Defendant within the confines of Rule 4(m), the attempted service on May 27, 2010, is insufficient.

Plaintiff attempted service on Brother Industries, Ltd. by mailing the Summons and Complaint to Brother International Corporation in Bridgewater, New Jersey.  Defendant submits the Affidavit of Anthony J. Melfi, the Vice President, Chief Financial Officer and Treasurer of Brother International Corporation.  Melfi Aff. ¶ 1.  Brother International Corporation is incorporated under the State of Delaware and maintains its principal place of business in Bridgewater, New Jersey.  Id. at ¶ 2.  Brother International Corporation is primarily engaged in the distribution of products manufactured by Brother Industries, Ltd.  Id. at ¶ 3.  Brother International Corporation is a wholly-owned subsidiary of Brother Industries, Ltd.  Id. at ¶ 4.  Brother Industries, Ltd. is organized under the laws of Japan and maintains its principal place of business in Japan.  Id. at ¶ 5.

Melfi further avers that John McNally, an employee of Brother International Corporation,

is employed in New Jersey and provides mail distribution and related office services at the headquarters of Brother International Corporation. Id. at ¶ 6. McNally is not an officer of Brother International Corporation nor is he an employee, officer or agent of Brother Industries, Ltd. Id.

Plaintiff has failed to show he has served Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure. See Rule 4(h), Fed.R.Civ.P. (providing the proper means of service on corporations). Accordingly, dismissal is appropriate.

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Defendant Brother Industries, Ltd.'s Motion to Dismiss (Document # 31) be granted and this case be dismissed without prejudice.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 19, 2011
Florence, South Carolina

**The parties are directed to the important notice on the following page.**